UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER COATS,

     Petitioner,

        v.                            CAUSE NO. 3:26-CV-703-PPS-AZ

WARDEN,

     Respondent.

OPINION AND ORDER

Christopher Coats, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge the prison disciplinary hearing (WCC 25-11-7595) where a Disciplinary Hearing Officer (DHO) found him guilty of Possession of Intoxicating Substance in violation of Indiana Department of Correction offense B-231. As a result, he was sanctioned with the loss of 30 days earned credit time. Coats presents three grounds in his petition, but acknowledges he has not yet received a response from the Final Reviewing Authority. Before bringing a habeas corpus challenge, a prisoner must exhaust his claims as required by 28 U.S.C. § 2254(b). *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). "The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level." *Id.* at 982.

Because Coats has not exhausted his claims, the habeas corpus petition is **DENIED WITHOUT PREJUDICE** because it is unexhausted.

ENTERED: May 26, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

2